UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## 08-60234

CASE NO. **CR-ZLOCH**     **MAGISTRATE JUDGE**
                                                  **SNOW**

18 U.S.C. § 1343
18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA,

vs.

KARIN A MARSHALL,

Defendant.

_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At times material to this Indictment:

1.      Global Technologies Group, a provider of temporary information technology

staffing, was incorporated in 1998 with a corporate headquarters located in Pompano Beach,

Florida.  Thereafter, in June of 2005, their corporate headquarters was relocated to King of

Prussia, Pennsylvania.

2.      Defendant KARIN MARSHALL was hired by Global Technologies Group,

Inc., on March 27, 2000, and employed as a Bookkeeper.  As a Bookkeeper, KARIN

MARSHALL was responsible for all accounting and bookkeeping activities of the company,

including but not limited to initiating and entering all accounting and related data into the

company's computerized accounting system called Quickbooks, initiating, processing, and

distributing all vendor payments, managing all payroll activities from timekeeping to the

preparation and distribution of payroll checks, tax payments, and related payroll tax returns, as well as managing all accounts payable and receivable, and performing all other accounting and bookkeeping functions within Global Technologies Group. KARIN MARSHALL was also an initiator of electronic funds transactions on all of the company's bank accounts and was authorized to sign payroll tax and other returns on behalf of Global Technologies Group.

3.      Global Technologies Group, Inc. utilizes Bank of America as the company's primary financial institution which maintains all of the primary bank accounts including the main depository account and accounts payable and payroll disbursement accounts. In order to access these accounts, Global Technologies Group, Inc., utilizes a computer application called "Business Connect," to interface with their Bank of America business accounts.

4.      "Business Connect" is a computer application offered to and utilized by Bank of America business account holders and serves as a computer gateway to their bank accounts, allowing users to view and download transaction information, initiate domestic wires, transfer funds between accounts, and effectively manage daily cash flow.

5.      The Bank of America "Business Connect" computer interface application is hosted by the Metavente Corporation, an electronic data processing company whose computer servers are located in both Milwaukee, Wisconsin and Ann Arbor, Michigan.

6.      When a transaction is initiated by a Bank of America customer utilizing the "Business Connect" application, an electronic request is transmitted from the users computer to the Metavente Corporation computer servers located in Milwaukee, Wisconsin and Ann Arbor, Michigan, wherein they are electronically processed and ultimately transmitted in "batch files" to the Bank of America automated clearing house (ACH) computer servers

located in either Richmond, Virginia or San Francisco, California for further processing and transmittal to their ultimate destination.

7.      Washington Mutual's wire transfer processing center and automated clearing house (ACH) is located in California.

8.      Defendant KARIN MARSHALL, whose Social Security number ends in 7336, was an account holder of multiple bank accounts located at Bank of America, including accounts ending in 3747, 1348, 1364, 7386, 0488, 8821, and 4213.

9.      Eric Frodge, the Defendant's husband from April 21, 2002 through March 28, 2006, maintained multiple bank accounts at Washington Mutual Bank, including accounts ending in 9795 and 0754, and an account at Bank of America ending in 6475.

## COUNTS 1-20

(Wire Fraud: 18 U.S.C. 1343)

10.     Paragraphs 1 through 9 of the General Allegations section are realleged and incorporated as though fully set forth herein.

11.     From on or about August 1, 2000, and continuing through on or about June 30, 2005, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### KARIN MARSHALL,

did knowingly devise a scheme and artifice to defraud and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, well knowing that the pretenses, representations, and promises would be and were false and fraudulent when made.

3

## SCHEME AND ARTIFICE

12.     It was the object of the scheme and artifice for defendant KARIN MARSHALL to unjustly enrich herself by fraudulently initiating and authorizing outgoing funds transfers from Global Technologies Group's corporate bank account with Bank of America by utilizing the Bank of America "Business Connect" computer program thus directing the transfer of funds into either her own personal bank accounts with Bank of America and Washington Mutual Bank or into her husband's personal bank accounts at Washington Mutual Bank.

13.     In furtherance of the scheme and artifice, KARIN MARSHALL, initiated and approved funds transfers of company funds into her personal bank account on approximately 204 different occasions, in amounts ranging from $1,000 to $15,000 per transfer.   On each occasion, Defendant KARIN MARSHALL accessed Global Technologies Group's accounting system and directed that fraudulent transfers be made to her personal bank accounts located at either Washington Mutual Bank or at Bank of America.

14.     In order to conceal the fraud, KARIN MARSHALL either recorded a false payee in the Quickbooks accounting system or left the payee information blank.  However, on many instances, KARIN MARSHALL made no attempt to conceal her activities whatsoever, and simply initiated an outgoing funds transfer without ever making a corresponding entry into Quickbooks.

15.     As a result of this scheme to defraud, Defendant KARIN MARSHALL fraudulently initiated and caused to be transferred approximately $868,156 in fraudulent funds transfers from the Global Technologies Group accounting system.

4

## USE OF THE WIRES

16.     For the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, on or about the dates set forth below, the defendant, KARIN MARSHALL, as enumerated in each count below, did knowingly cause to be transmitted by means of wire, in interstate commerce, certain signs, signals, and sounds, to wit, funds transfers between Global Technologies Group corporate bank accounts held at Bank of America and the personal bank accounts of KARIN MARSHALL and Eric Frodge held at both Washington Mutual Bank and Bank of America:

| COUNT | DATE WIRE TRANSFER POSTED | AMOUNT OF WIRE TRANSFER | DESCRIPTION OF WIRE COMMUNICATION | PURPORTED RECIEPIENT OF WIRE TRANSFER |
|---|---|---|---|---|
| 1 | 5/27/2005 | $14,633.00 | Electronic transfer of funds through the Global Technologies Group corporate computers located in Pompano Beach, Florida and drawn on the corporate bank account ending in 0968 at Bank of America through the Metavente Corp. computer servers located in WI and MI, to Karin Marshall's personal bank account number ending in 7386 at Bank of America. | Bill Greene |
| 2 | 6/3/2005 | $13,968.00 | Electronic transfer of funds through the Global Technologies Group corporate computers located in Pompano Beach, Florida and drawn on the corporate bank account ending in 0968 at Bank of America through the Metavente Corp. computer servers located in WI and MI, to Karin Marshall's personal bank account number ending in 7386 at Bank of America. | Bill Greene |

| | | | | |
|---|---|---|---|---|
| 3 | 6/17/2005 | $14,987.00 | Electronic transfer of funds through the Global Technologies Group corporate computers located in Pompano Beach, Florida and drawn on the corporate bank account ending in 0968 at Bank of America through the Metavente Corp. computer servers located in WI and MI, to Karin Marshall's personal bank account number ending in 7386 at Bank of America. | Bill Greene |
| 4 | 6/17/2005 | $14,644.23 | Electronic transfer of funds through the Global Technologies Group corporate computers located in Pompano Beach, Florida and drawn on the corporate bank account ending in 0968 at Bank of America through the Metavente Corp. computer servers located in WI and MI, to Karin Marshall's personal bank account number ending in 7386 at Bank of America. | Bill Greene |
| 5 | 6/24/2005 | $14,897.55 | Electronic transfer of funds through the Global Technologies Group corporate computers located in Pompano Beach, Florida and drawn on the corporate bank account ending in 0968 at Bank of America through the Metavente Corp. computer servers located in WI and MI, to Karin Marshall's personal bank account number ending in 7386 at Bank of America. | Bill Greene |
| 6 | 6/24/2005 | $14,987.23 | Electronic transfer of funds through the Global Technologies Group corporate computers located in Pompano Beach, Florida and drawn on the corporate bank account ending in 0968 at Bank of America through the Metavente Corp. computer servers located in WI and MI, to Karin Marshall's personal bank account number ending in 7386 at Bank of America. | Bill Greene |
| 7 | 7/1/2005 | $14,997.14 | Electronic transfer of funds through the Global Technologies Group corporate computers located in Pompano Beach, Florida and drawn on the corporate bank account ending in 0968 at Bank of America through the Metavente Corp. computer servers located in WI and MI, to Karin Marshall's personal bank account number ending in 7386 at Bank of America. | Bill Greene |

| 8 | 7/1/2005 | $13,324.22 | Electronic transfer of funds through the Global Technologies Group corporate computers located in Pompano Beach, Florida and drawn on the corporate bank account ending in 0968 at Bank of America through the Metavente Corp. computer servers located in WI and MI, to Karin Marshall's personal bank account number ending in 7386 at Bank of America. | Bill Greene |
|---|---|---|---|---|
| 9 | 7/1/2005 | $14,896.78 | Electronic transfer of funds through the Global Technologies Group corporate computers located in Pompano Beach, Florida and drawn on the corporate bank account ending in 0968 at Bank of America through the Metavente Corp. computer servers located in WI and MI, to Karin Marshall's personal bank account number ending in 7386 at Bank of America. | Bill Greene |
| 10 | 12/3/2003 | $9,000 | Electronic transfer of funds through the Global Technologies Group corporate computers located in Pompano Beach, Florida and drawn on the corporate bank account ending in 6881 at Bank of America through the Metavente Corp. computer servers located in WI and MI, to Eric Frodge's personal bank account number ending in 9795 at Washington Mutual Bank. | Karin Marshall, Social Security Number ending in 7336 |
| 11 | 12/22/2003 | $9,000 | Electronic transfer of funds through the Global Technologies Group corporate computers located in Pompano Beach, Florida and drawn on the corporate bank account ending in 6881 at Bank of America through the Metavente Corp. computer servers located in WI and MI, to Eric Frodge's personal bank account number ending in 9795 at Washington Mutual Bank. | Karin Marshall, Social Security Number ending in 7336 |
| 12 | 12/26/2003 | $9,000 | Electronic transfer of funds through the Global Technologies Group corporate computers located in Pompano Beach, Florida and drawn on the corporate bank account ending in 6881 at Bank of America through the Metavente Corp. computer servers located in WI and MI, to Eric Frodge's personal bank account number ending in 9795 at Washington Mutual Bank. | Karin Marshall, Social Security Number ending in 7336 |

| 13 | 1/2/2004 | $4,000 | Electronic transfer of funds through the Global Technologies Group corporate computers located in Pompano Beach, Florida and drawn on the corporate bank account ending in 6881 at Bank of America through the Metavente Corp. computer servers located in WI and MI, to Eric Frodge's personal bank account number ending in 9795 at Washington Mutual Bank. | Karin Marshall, Social Security Number ending in 7336 |
|---|---|---|---|---|
| 14 | 1/15/2004 | $5,000 | Electronic transfer of funds through the Global Technologies Group corporate computers located in Pompano Beach, Florida and drawn on the corporate bank account ending in 6881 at Bank of America through the Metavente Corp. computer servers located in WI and MI, to Eric Frodge's personal bank account number ending in 9795 at Washington Mutual Bank. | Karin Marshall, Social Security Number ending in 7336 |
| 15 | 1/23/2004 | $9,000 | Electronic transfer of funds through the Global Technologies Group corporate computers located in Pompano Beach, Florida and drawn on the corporate bank account ending in 6881 at Bank of America through the Metavente Corp. computer servers located in WI and MI, to Eric Frodge's personal bank account number ending in 9795 at Washington Mutual Bank. | Karin Marshall, Social Security Number ending in 7336 |
| 16 | 2/2/2004 | $4,778.00 | Electronic transfer of funds through the Global Technologies Group corporate computers located in Pompano Beach, Florida and drawn on the corporate bank account ending in 6881 at Bank of America through the Metavente Corp. computer servers located in WI and MI, to Eric Frodge's personal bank account number ending in 9795 at Washington Mutual Bank. | Karin Marshall, Social Security Number ending in 7336 |
| 17 | 2/9/2004 | $4,678.00 | Electronic transfer of funds through the Global Technologies Group corporate computers located in Pompano Beach, Florida and drawn on the corporate bank account ending in 6881 at Bank of America through the Metavente Corp. computer servers located in WI and MI, to Eric Frodge's personal bank account number ending in 9795 at Washington Mutual Bank. | Karin Marshall, Social Security Number ending in 7336 |

| | | | | |
|---|---|---|---|---|
| 18 | 2/20/2004 | $5,000 | Electronic transfer of funds through the Global Technologies Group corporate computers located in Pompano Beach, Florida and drawn on the corporate bank account ending in 6881 at Bank of America through the Metavente Corp. computer servers located in WI and MI, to Eric Frodge's personal bank account number ending in 9795 at Washington Mutual Bank. | Karin Marshall, Social Security Number ending in 7336 |
| 19 | 3/8/2004 | $6,500 | Electronic transfer of funds through the Global Technologies Group corporate computers located in Pompano Beach, Florida and drawn on the corporate bank account ending in 6881 at Bank of America through the Metavente Corp. computer servers located in WI and MI, to Eric Frodge's personal bank account number ending in 9795 at Washington Mutual Bank. | Karin Marshall, Social Security Number ending in 7336 |
| 20 | 3/19/2004 | $12,600 | Electronic transfer of funds through the Global Technologies Group corporate computers located in Pompano Beach, Florida and drawn on the corporate bank account ending in 6881 at Bank of America through the Metavente Corp. computer servers located in WI and MI, to Eric Frodge's personal bank account number ending in 9795 at Washington Mutual Bank. | Karin Marshall, Social Security Number ending in 7336 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE

17.    The allegations of Counts 1 through 20 of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America of property, in which the defendant has an interest, pursuant to the provisions of Title 28, United States Code, Section 2461 and Title 18, United States Code, Section 981(a)(1)(C).

18.     Upon conviction of the offenses alleged in Counts 1 through 20, the defendant, KARIN MARSHALL, shall forfeit to the United States all property, real or personal, constituting or derived from proceeds obtained from the afore stated offenses and all property traceable to such property, including but not limited to the following property:

**$ 868,156 in U.S. Currency**

19.     If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to, or deposited with a third person;

(3)     has been placed beyond the jurisdiction of the Court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

10

All pursuant to Title 28, United States Code, Section 2461; Title 18, United States Code, Section 981(a)(1)(C) and Title 21, United States Code, Section 853.

A TRUE BILL.

F

_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
MARC S. ANTON
ASSISTANT U. S. ATTORNEY

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

KARIN MARSHALL,

_____ Defendant , /

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY\***

Superseding Case Information:

**Court Division**: (Select One)

| | | | |
|---|---|---|---|
| X | Miami _____ | Key West _____ | |
| | FTL _____ | WPB _____ | FTP |

New Defendant(s)    Yes _____ No _____
Number of New Defendants    _____
Total number of counts    _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:  (Yes or No)  NO
   List language and/or dialect  _____

4. This case will take ___5___ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | |
   |---|---|---|
   | I | 0 to 5 days | X |
   | II | 6 to 10 days | |
   | III | 11 to 20 days | |
   | IV | 21 to 60 days | |
   | V | 61 days and over | |

   (Check only one)

   | | |
   |---|---|
   | Petty | |
   | Minor | |
   | Misdem. | |
   | Felony | X |

6. Has this case been previously filed in this District Court? (Yes or No)  NO
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  NO
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)  NO

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? _____ Yes  X  No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  X  Yes _____ No

MARC S. ANTON
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No.: 0148369

\*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: KARIN MARSHALL

**Case No**: _____

Counts #: 1- 20

Wire Fraud

in violation 18 U.S.C. § 1343

**\* Max.Penalty**: Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Count #:

_____

_____

**\* Max.Penalty**:

Count #:

_____

_____

**\*Max. Penalty:**

Counts #:

_____

_____

**\*Max. Penalty:**

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.