UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60234-CR-ZLOCH

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

KARIN A. MARSHALL,

          Defendant.
_____/

### PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE is before the Court upon motion of the United States for entry of a preliminary order of forfeiture. Being fully advised in the premises and based on the motion of the United States and the record in this matter and for good cause shown thereby, the Court finds as follows with respect to forfeiture in this action as to defendant Karin A. Marshall, hereinafter referred to as "defendant"):

1. On August 28, 2008, the Grand Jury in the Southern District of Florida returned an Indictment in count 1, charging Karin A. Marshall, (hereinafter referred to as "defendant") with knowingly devising a scheme and artifice to defraud and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, well knowing that the pretenses, representations, and promises would be and were false and fraudulent when made. It was the object of the scheme and artifice for defendant Marshall to unjustly enrich herself by fraudulently initiating and authorizing outgoing funds transfers from Global Technologies Group's corporate bank account with Bank of America by utilizing the Bank of America computer program thus

directing the transfer of funds into either her own personal bank accounts with Bank of America and Washington Mutual Bank or into her husband's personal bank accounts, all in violation of Title 18, United States Code, Sections 1343 and 2.

2.  The Indictment further sought the forfeiture to the United States of all property, real or personal, constituting or derived from proceeds obtained from the above stated offenses and all property traceable to such property, including but not limited to $868,156 in United States currency pursuant to 21 U.S.C. § 853(p), 28 U.S.C. § 2461, and 18 U.S.C. §981(a)(1)(C).

3.  On January 14, 2009, defendant Karin A. Marshall entered a plea of guilty to Count 1 of the Indictment, which charges the defendant with Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2. The defendant agreed, in paragraph 10, page 2 of her plea agreement, to forfeit all of her right, title, and interest in the following as property constituting or derived from proceeds the defendant obtained directly or indirectly as the result of such violation and/or as property used or intended to be used in any manner or part to commit or facilitate the commission of said violation to the United States:

    (a)    $18,977.98 from Bank of America account #004430450488
    (b)    $615.44 from Bank of America account #004685904213
    (c)    $980.27 from Bank of America account #91000061088821

Therefore, in consideration of the guilty plea and agreed forfeiture by the defendant at the sentencing, upon motion of the United States and for good cause shown thereby, it is hereby,

**ORDERED and ADJUDGED** that:

1.  All right, title and interest of defendant Karin A. Marshall in the following property is hereby forfeited to the United States of America pursuant 21 U.S.C. § 853(p), and 18 U.S.C. §

981(a)(1)(C):

    (a)    $18,977.98 from Bank of America account #004430450488
    (b)    $615.44 from Bank of America account #004685904213
    (c)    $980.27 from Bank of America account #91000061088821

2. The United States Secret Service, or any duly authorized law enforcement official, shall seize and take custody of the property identified herein above as forfeited under this order pursuant to 21 U.S.C. § 853(p).

3. The United States shall cause to be published at least once, in a newspaper of general circulation, notice of this Order as required by 21 U.S.C. § 853(n)(6). The notice shall state that any person, other than the defendant, having or claiming a legal interest in the property ordered forfeited by this order must file a petition with the Court within thirty (30) days of the final publication of the notice or receipt of actual notice, whichever is earlier; that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; and that the petition shall be signed by the petitioner under penalty of perjury, shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited property and shall set forth any additional facts supporting the petitioner's claim and the relief sought.

4. The United States may provide, to the extent practicable, direct written notice to any person known to have an alleged interest in the property that is subject of the Order of Forfeiture, in addition to the published notice.

5. The United States is further authorized, pursuant to 21 U.S.C. § 853(m) and Fed. R. Crim. P. 32.2(c)(1), to conduct any discovery necessary, including depositions, to identify, locate or dispose of the property ordered forfeited herein or in order to expedite ancillary proceedings related to any third party petition claims filed with respect to the forfeited property.

**IT IS FURTHER ORDERED** that upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) in which all interests will be addressed. If no claims are filed within 30 days of the final publication or receipt of actual notice, whichever is earlier, then pursuant to 21 U.S.C. § 853(n)(7), this Order shall be deemed a final order of forfeiture, and the United States Secret Service, or any duly authorized law enforcement official, shall dispose of the property forfeited hereunder according to law.

DONE AND ORDERED in Chambers, at Fort Lauderdale, Broward County, Florida this ____ day of April, 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

cc:    AUSA Roger W. Powell, (2 certified copies)